IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16- 2010-CA- 003061      -XXXX-MA

DIVISION:

UZONWA J. UMERAH, an ) 
individual, )
 )
        Plaintiff, )
 )
v. )
 )
JOHN HANCOCK LIFE INSURANCE )
COMPANY (USA), )
 )
        Defendant. )
_____ )

CV-B

FILED
IN COMPUTER
V. B.

## COMPLAINT

The Plaintiff Uzonwa J. Umerah sues the Defendant John Hancock Life Insurance Company (USA) and alleges:

1.    This is an action on a policy of life insurance issued by the Defendant John Hancock Life Insurance Company (USA) ("John Hancock") on the life of Gabriel A. Umerah.

2.    The amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the sum of $15,000.

3.    The Plaintiff Uzonwa J. Umerah ("Mrs. Umerah") is the widow of Gabriel A. Umerah and the beneficiary on the policy of life insurance at issue.

4.   John Hancock, a foreign corporation, is a life insurance company licensed in the State of Florida to sell life insurance with a registered agent for service of process.

5.   Venue is proper in Duval County, Florida because John Hancock has an agent or representative in Duval County and the cause of action accrued in Duval County, Florida.

6.   On or about November 4, 2005, John Hancock issued a Flexible Premium Adjustable Life Insurance policy (Policy No. 59 781 310) on the life of Gabriel L. Umerah, a professor of physics at Florida Community College, now Florida State College at Jacksonville, which provided for a death benefit to Mrs. Umerah of $1,500,000.  A copy of the policy of insurance is attached hereto as Exhibit "A."

7.   The policy required a monthly premium of $1,283.50 for twenty years, which was paid by a draft on Dr. Umerah's bank account at Community First Bank, Jacksonville, Florida.

8.   At the time the policy was issued, Dr. and Mrs. Umerah were living at 8720 Harpers Glen Court, Jacksonville, Florida 32256, which is the address reflected on the application for insurance attached to and a part of the policy of insurance.

2

9.    On or about May 28, 2006, Dr. and Mrs. Umerah moved from the 8720 Harpers Glen Court to 8416 Highgate Drive, Jacksonville, Florida 32216.

10.    Dr. Umerah died suddenly on September 30, 2009 in Jacksonville, Florida and a claim for the death benefit was submitted to John Hancock.  A copy of the Statement of Claim for Death Benefit is attached hereto as Exhibit "B."

11.    On November 11, 2009, John Hancock denied the claim stating as follows:

> We have reviewed the policy records and have determined that the last premium received on the policy was on September 4, 2008.  The total premium payments that had been made on the policy were not sufficient to keep the policy inforce beyond April 4, 2009.
>
> On April 6, 2009 a Termination Warning Notice was mailed out to your husband advising him of this and the requirements to keep the policy inforce.  On May 4, 2009, a Termination Warning Notice Reminder was mailed out.  On June 15, 2009 a Lapse Termination Notice was mailed out advising your husband that effective June 4, 2009 the policy had terminated for non payment of the premiums. Please find enclosed copies of these notices for your review.

A copy of the letter denying the claim is attached hereto as Exhibit "C."

3

12.   The April 6, 2009 Termination Warning Notice, the
May 4, 2009 Termination Warning Notice Reminder, and the June
15, 2009 Lapse Termination Notice were addressed to Dr. Umerah
at 8720 Harpers Glen Court, Jacksonville, Florida 32256, but
were never received by Dr. Umerah.  Copies of the Notices are
attached hereto as Exhibits "D," "E," and "F."

13.   Each of the notices show that a copy was sent to
John Hancock's agent, Michael W. Beach, who was identified as
Dr. Umerah's representative at 1801 Baymeadows Road East,
Suite 301, Jacksonville, Florida 32246, which was an incorrect
address because the office address of Mr. Beach was 7807
Baymeadows Road East, Suite 301, Jacksonville, Florida 32256
and the notices were not received by Mr. Beach.

14.   The policy provides that "at least 30 days prior to
the termination of coverage, we will send a notice to your
last known address, specifying the amount you must pay to
bring the policy out of default."

15.   The terms of the policy did not shift to the insured
the risk of delivery and where a policy provides for written
notice of cancellation but does not specify the method of
giving notice and the notice is given by mail, the effective
date of cancellation is to be determined based upon the date

4

of receipt of the notice by the insured.  In this case, neither the insured or his agent received the notices and, therefore, the notices did not effect a termination of the policy.

16.  The Plaintiff has engaged the undersigned firm and agreed to pay it a reasonable fee to bring this suit upon the policy and Plaintiff is entitled to have her attorneys' fees paid or reimbursed by John Hancock under Section 627.428, Florida Statutes.

WHEREFORE, the Plaintiff Uzonwa J. Umerah demands judgment against John Hancock Life Insurance Company (USA) for the death benefit under the policy of insurance with pre-judgment interest, together with her costs and attorneys' fees.

## Jury Demand

The Plaintiff hereby demands trial by jury.

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By _____
Charles P. Pillans, III
Florida Bar No. 0100066
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 353-0211
Facsimile:  (904) 353-9307

Counsel for Plaintiff Uzonwa J. Umerah